**Cite as: Opinion No. 98-022**
**(November 23, 1998)**
**Unpublished**

**COUNTIES – BUSINESS AND PROFESSIONS – LICENSES – ST.
MARY'S COUNTY DOES NOT HAVE AUTHORITY TO
REQUIRE LOCAL LICENSES FOR PLUMBERS**

November 23, 1998

*Douglas S. Durkin, Esquire*
*St. Mary's County Attorney*

You have requested our opinion whether the Board of County Commissioners for St. Mary's County has the authority to enact an ordinance requiring local licenses for plumbers, propane gas fitters, and natural gas fitters. In your letter, a copy of which is attached, you indicate that you are of the opinion that the Board of County Commissioners does not have such authority.

We have carefully reviewed the matter and agree with your analysis and conclusion[1]. Of course, that analysis does not apply to all jurisdictions. *See* Maryland Code, Business Occupations & Professions Article, §12-103 (excepting Baltimore County and the Washington Suburban Sanitary Commission). On a precautionary note, we would also add that a county, enacting and enforcing a competition-limiting ordinance without State authorization, may also violate federal antitrust laws and be subject to suit for injunctive relief. *See City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389 (1978); 15 U.S.C. §§34-36 (The Local Government Antitrust Act).

J. Joseph Curran, Jr.
*Attorney General*

Robert N. McDonald
*Chief Counsel*
 *Opinions & Advice*

---

[1] We express a minor qualification to your analysis that does not affect the conclusion of your opinion. In distinguishing local licensing of electricians, you observe that a provision of public general law "requires each county to issue electricians' licenses." As we read it, the applicable law does not *require* counties to issue electrician licenses, but rather gives counties the option of enforcing the State licensing regime or establishing their own with standards at least as stringent as State regulations. Maryland Code, Business, Occupations & Professions Article, §6-301(a).